IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08- HC-2032-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL PARDEE, | ) | |
| | ) | |
| Respondent. | ) | |

This case now comes before the court on the government's motion (DE 78) for permission to provide the various experts' evaluations of respondent that have been filed under seal in this case to state officials in accordance with 18 U.S.C. § 4248(d) and to the United States Probation Office ("Probation Office") and other federal law enforcement officials who request such information for official law enforcement purposes. Respondent has filed a response in partial opposition to the motion.

**DISCUSSION**

On April 27, 2012, the court entered judgment in this case, finding that respondent is a sexually dangerous person under the Adam Walsh Act and committing him to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4248. Section 4248 provides that, following commitment, the Attorney General "shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment" and that reasonable efforts must be made to cause the State to assume the responsibility. 18 U.S.C. § 4248(d). The government asserts that the Bureau of Prisons has assumed

these efforts, on the Attorney General's behalf, and that the appropriate officials of the states in question require a copy of all expert forensic evaluations filed in this case in order to consider whether such state will assume responsibility for respondent. Respondent does not object to the provision of the sealed evaluations to the appropriate State of Washington officials for this purpose, and the motion will be allowed in this regard.

Of controversy here is the government's request to provide the sealed evaluations to the Probation Office and other federal law enforcement officials who request such information for official law enforcement purposes. With respect to disclosure to the Probation Office, respondent does not identify a specific privilege or right upon which he bases his opposition to production of the evaluations sought. Rather, he raises several arguments that this court previously has rejected. In particular, he contends (1) the evaluations should be used only in connection with the proceeding for which they are produced, (2) the evaluations will likely be used to seek an increase or modification of respondent's conditions of supervised release, (3) the evaluations would offer nothing new into the equation, save an actuarial group-like estimation of future sex crime risk, (4) releasing the evaluations would effectively add to the conditions of respondent's supervised release by imposing a special condition of mandatory disclosure to the probation office, and (5) any request for release of records should be made by the United States Attorney or Probation Office for the Eastern District of Washington.

Each of these contentions has been rejected previously by the court. See, e.g., United States v. Villegas, No. 5:07-HC-2113-BR, 2012 WL 2395168 (E.D.N.C. June 25, 2012); United States v. Nyhan, No. 5:12-HC-2101-FL, Order DE 49 (E.D.N.C. April 12, 2013); United States v. Matherly, 5:06-HC-2205-BR, Order DE 150 (E.D.N.C. July 25, 2013). Respondent offers nothing new in this

2

case that would dictate a different result, and the court is unable to otherwise identify any potential prejudice. This portion of the government's motion therefore will be allowed, provided that use of the evaluation shall be expressly limited to coordination of the psychological, psychiatric, and other mental health treatment of respondent while on any supervised and/or conditional release and other facilitation of the supervision of respondent in accordance with the terms of such release. The disclosure permitted herein will also be expressly subject to the provision in the standing order applicable to this case, as identified below, prohibiting documents designated as "Attorney's Eyes Only" from being shown to the respondent based on the perceived risk of harm to him or others presented by doing so.

With respect to disclosure to unspecified federal law enforcement officers who may in the future request the evaluations, the court finds that release of records for this purpose is premature. Without knowing who is requesting the evaluations and for what particular purpose, the court cannot determine the propriety of such a request. Accordingly, the government's motion in this respect will be denied. The government may, of course, renew its motion for release to other law enforcement officials if and when any such officials seek the evaluations.

## CONCLUSION

Based on the foregoing, the government's motion (DE 78) is ALLOWED IN PART AND DENIED IN PART on the following terms:

1. The Bureau of Prisons may produce forensic psychiatric or psychological evaluations of the respondent filed under seal in this court (i) to the appropriate official(s) of the state in which the respondent is domiciled or was tried for the purpose of complying with 18 U.S.C. § 4248(d) and (ii) to the appropriate United States Probation Office(s) for purposes of coordinating the psychological,

psychiatric, and other mental health treatment of respondent while on supervised and/or conditional release and otherwise facilitating the supervision of the respondent in accordance with the terms of such release.

2. Any documents marked as "Attorney's Eyes Only" pursuant to paragraph 4(h)(iii) of this court's Standing Order re Procedures for Commitments under 18 U.S.C. § 4248, No. 10–SO–01 (E.D.N.C. Aug. 4, 2010), or paragraph 11(f)(i) of this court's Standing Order regarding Procedures for Commitments under 18 U.S.C. § 4248, No. 11-SO-4 (E.D.N.C. Nov. 14, 2011), shall remain subject to the provisions thereof and shall not be shown to respondent without (i) the consent of counsel for the government or the state assuming responsibility for respondent's custody, care, and treatment, and counsel for respondent, or (ii) an order of a court of competent jurisdiction.

SO ORDERED, this the 29th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge